## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

OLIVER WOODFIN PROFFITT, #280688,

        Petitioner,

v.                                          ACTION NO.
                                          2:05cv523

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying petitioner's petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Background

        Petitioner Oliver Woodfin Proffitt ("Proffitt") pled guilty on August 9, 1999, in the Chesapeake Circuit Court to second degree murder and use of a firearm in the commission of a felony. He was sentenced on November 15, 1999, to a term of forty-three years, with thirteen years suspended.

        Proffitt did not file a direct appeal of his convictions. Instead, he filed a habeas corpus

petition in the Chesapeake Circuit Court on January 2, 2002. The Circuit Court conducted an evidentiary hearing on July 9, 2003, then dismissed the petition on December 23, 2003. Proffitt appealed the decision to the Virginia Supreme Court on March 24, 2004, and the appeal was refused on September 7, 2004. Proffitt's petition for rehearing was dismissed on November 17, 2004.

Proffitt, presently in the custody of the Virginia Department of Corrections at the Powhatan Correctional Center in State Farm, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 8, 2005, and filed an amended petition on September 28, 2005. On October 28, 2005, respondent filed a Rule 5 Answer and Motion to Dismiss. Proffitt filed a response to the Motion to Dismiss on November 16, 2005.

## B. Grounds Alleged

Proffitt asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a) trial counsel was ineffective in that he had a conflict of interest based on the fact that he represented both petitioner and his son on charges arising out of the slaying of the victim; and,

(b) that the state habeas court erred in not conducting an evidentiary hearing on his conflict of interest claim.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Proffitt's action here is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

2

such review; . . . .

28 U.S.C. § 2244(d)(1)(A) (2000).

For a prisoner, like Proffitt,  who does not file a direct appeal, the clock begins to run when the time for filing an appeal expires: thirty days from the date final judgment is entered.  The trial court entered final judgment on December 20, 1999.  Therefore, the statutory period of limitations for filing Proffitt's federal habeas petition began running on January 19, 2000, and Proffitt had until January 19, 2001 to file his federal petition.

Under 28 U.S.C. § 2244(d)(2) the statute of limitations clock is paused during the time that a petition for state collateral review is pending.  However, Proffitt, who was represented by counsel at the time, did not file his habeas petition with the Chesapeake Circuit Court until December 20, 2001, approximately eleven months after his federal statute of limitations had expired.

Proffitt's present petition was not received in the Clerk's Office until September of 2005, more than four years after the statute of limitations deadline.  This Court cannot reach the merits of Proffitt's claims, because the claims are barred by the statute of limitations.  Therefore, this Court recommends denial of Proffitt's petition.

## III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that Proffitt's petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and the respondent's motion to dismiss be GRANTED.

Proffitt's request for an evidentiary hearing is hereby DENIED.

Proffitt has failed to demonstrate "a substantial showing of the denial of a constitutional

right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).


## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the  Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

_____
/s/
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 25, 2006

4

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the

following:

    Oliver Woodfin Proffitt, #280688
    Powhatan Correctional Center
    State Farm, VA 23160


    Robert H. Anderson, III, Esq.
    Office of the Attorney General
    900 East Main Street
    Richmond, VA 23219


                    Elizabeth H. Paret, Clerk


          By _____
              Deputy Clerk

              April     , 2006